**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID GAWF,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN BENITO in its corporate and municipal capacity; SAN BENITO COUNTY SHERIFF DEPARTMENT in its official and municipal capacity; SHERIFF JASON LEIST in his official and individual capacity; SHERIFF TOM KEYLON in his official and individual capacity; SHERIFF KIP BOWEN in his official and individual capacity; and DOES 1-25,<br><br>    Defendants.<br>_____/ | No. C12-00220 HRL<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>**[Re: Docket Nos. 21, 30]** |

Pro se plaintiff David Gawf sues for alleged violation of his civil rights. Presently before the court are Gawf's Fed. R. Civ. P. 11 motion for sanctions and defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss the First Amended Complaint. Upon consideration of the moving and responding papers, as well as the arguments presented at the motion hearing, this court denies plaintiff's motion for sanctions, grants defendants' motion to dismiss plaintiff's federal claims with leave to amend only as to some claims, and declines to exercise jurisdiction over

plaintiff's state law claims unless and until plaintiff can adequately plead a federal claim for relief.[1]

## BACKGROUND

The following facts are drawn from the allegations of the First Amended Complaint (FAC) and documents appended to that pleading.

This action arises from Gawf's arrest for domestic violence on December 16, 2010. On that night, Gawf, his girlfriend (Christine Morikawa), and a friend (Daniel Jeske) visited a restaurant in San Jose to watch a football game. Gawf and Morikawa had both been drinking, and Jeske drove plaintiff's car on the way home.

At some point, Gawf and Morikawa began fighting in the car. According to Morikawa, they got into an argument and "hit each other" when plaintiff thought that she stole his wallet. (FAC, Ex. 1 (Morikawa Declaration)). Morikawa told officers that Gawf started kicking the back of her seat as she tried to calm him down; that Gawf "attacked [her] from the backseat," and she then "hit him and [Gawf] immediately wanted out of the car." (Id.). Claiming that Morikawa attacked him for no reason, Gawf says that he asked Jeske to pull over so that he could get out. Jeske pulled over alongside Highway 101. Gawf exited the vehicle and ran into the bushes.

The defendant officers pulled up to the car to find out what happened. While Morikawa was being questioned, Gawf emerged from the bushes with his hands in the air. He was handcuffed and placed in the back of the police car. When asked what happened, Gawf replied, "I plead the 5th." (FAC ¶ 13). Defendant Leist then allegedly slammed the police car door and said, "He isn't cooperating, tow the car." (Id.).

Plaintiff's car was towed, and Gawf was taken to the San Benito County Jail and booked for domestic violence. He was released about twelve hours later when his father posted bail. The County District Attorney later brought charges for assault and battery and for being drunk in public. The case was dismissed before trial.

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

2

Pursuant to 42 U.S.C. § 1983, Gawf filed the instant action, alleging that defendants violated his federal constitutional rights. He also asserts a number of state law claims for relief. In sum, Gawf contends that the police wrongfully arrested him based on Morikawa's account of events (even though she was intoxicated at the time), without taking a statement from him, and despite scratches and bruises that Gawf says he sustained from Morikawa.

Defendants previously moved to dismiss the original complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Gawf failed to state a claim upon which relief could be granted. In response, Gawf filed a document titled "Judicial Notice Concerning Defendant County of San Benito's Motion to Dismiss." (Dkt. 18). In it, he essentially argued that motions to dismiss have been "abolished." (See Dkt. No. 18 at 3).

In any event, defendants' first motion to dismiss was mooted shortly afterward when Gawf timely filed a First Amended Complaint (FAC) as a matter of right. FED. R. CIV. P. 15(a)(1)(B). According to defendants, the FAC is not substantially different from the original pleading.

The FAC asserts a claim under 42 U.S.C. § 1983 based on alleged violations of Gawf's rights under the Fourth, Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution. Gawf also asserts a number of state law claims, including claims under the California Penal Code for alleged carjacking, kidnapping, and grand theft.

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants now move to dismiss the FAC, asserting that the amended pleading still fails to state a claim for relief. Defendants argue that they are entitled to qualified immunity in any event. Alternatively, defendants seek an order requiring plaintiff to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).

Gawf did not file an opposition to the instant motion to dismiss. Instead, he filed a motion for sanctions under Fed. R. Civ. P. 11. Nevertheless, in response to the court's inquiry at oral argument, plaintiff said that he had nothing further to tell the court about the events in question—except that he wanted to emphasize that he invoked his Fifth Amendment rights at the scene, but defendants reportedly failed to note that fact in the police report.

1  For the reasons stated below, plaintiff's motion for sanctions is denied, and defendants'
2 motion to dismiss is granted as to plaintiff's federal claims for relief, with leave to amend only
3 as to some claims.  The court declines to exercise jurisdiction over plaintiff's state law claims
4 unless and until plaintiff is able to plead a viable federal claim for relief.  The state law claims
5 are dismissed without prejudice.

## DISCUSSION

### A. Plaintiff's Unauthorized Supplemental Filings

After this matter was deemed submitted, plaintiff made several supplemental filings with respect to defendants' motion to dismiss and his motion for sanctions—namely, a "Judicial Notice to the Court that a Demurrer is to be Treated as a Motion," a "Judicial Notice to the Court to Make Aware of San Benito County's Letter of Findings During Internal Investigation," and an "Amended Judicial Notice to the Court to Make Aware of San Benito County's Letter of Findings During Internal Investigation."  These filings violate Civil Local Rule 7-3(d) and are improper.  Moreover, plaintiff requests that the court take judicial notice of additional legal arguments, as well as of assertions, contentions, and opinions contained in these documents that are subject to dispute in this litigation.  The time for submitting arguments to the court on the pending motions passed long before plaintiff made these filings.  The documents are not appropriate matters for judicial notice under Fed. R. Evid. 201.  Plaintiff's request for judicial notice as to these documents is denied, and the court has not considered or relied upon them in ruling on the parties' respective pending motions.

### B. Plaintiff's Request for a Scheduling Order

Upon the filing of the complaint, the court issued an initial order setting a case management conference and related deadlines.  That conference subsequently was vacated in view of the pendency of defendants' motion to dismiss.  And, as discussed more fully below, the court finds that defendants' motion is well taken.  It will be most efficient to hold a scheduling conference only if and when this case is past the pleading stage—i.e., when it is clear what claims—if any—survive dismissal and the case is at issue.

4

C.   Plaintiff's Fed. R. Civ. P. 11 Motion for Sanctions

Gawf contends that, by filing and pursuing their Fed. R. Civ. P. 12(b)(6) motion to dismiss, defendants violated Fed. R. Civ. P. 11. He says that this is so because motions to dismiss have been abolished. He further asserts that defendants' motion is frivolous because the papers reportedly are rife with "bad law"[2] and are not supported by any declarations.

Parties are permitted to assert a number of defenses by motion, including the defense that the complaint fails to state a claim for relief. See FED. R. CIV. P. 12(b)(1)-(6). Moreover, declarations generally are not permitted or considered on motions brought pursuant to Fed. R. Civ. P. 12(b)(6). The court finds no basis for imposing Fed. R. Civ. P. 11 sanctions here. Plaintiff's motion for sanctions is denied.

D.   Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

1.   Legal Standard

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

---

[2]   As an example, Gawf argues that Saucier v. Katz, 533 U.S. 194 (2001) has been overturned. That is not so. The Supreme Court clarified its decision in that case and held that the order in which the two-part inquiry for qualified immunity is addressed is left to the court's discretion. Pearson v. Callahan, 555 U.S. —, 129 S. Ct. 808, 818, 172 L.Ed.2d 565 (2009). Nevertheless, Pearson recognizes that the Saucier protocol, while no longer mandatory, "is often beneficial." Id.

5

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

  2. Federal Claims

As noted above, plaintiff asserts a claim under 42 U.S.C. § 1983 claim for alleged violations of his Fourth, Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights. For the reasons stated below, the court finds that the FAC fails to allege sufficient facts demonstrating that any constitutional violation occurred.

    a. Fourth Amendment (False Arrest/Detention)

The FAC alleges that defendants acted unreasonably because they arrested Gawf without a warrant, based solely on the statements of Morikawa, who was intoxicated and who did not show visible injuries. At oral argument, Gawf acknowledged that he was also drunk at the scene. Nevertheless, he maintains that his arrest was unlawful because defendant Leist took

6

statements from Morikawa *despite* the fact that she was drunk, but did not take a statement from him *because* he was drunk.

The Fourth Amendment permits warrantless arrests upon a showing of probable cause. "Probable cause does not require proof beyond a reasonable doubt of every element of a crime." U.S. v. Noster, 590 F.3d 624, 629 (9th Cir. 2009). "Rather, probable cause exists where under the totality of the circumstances known to the officer, a prudent person would have concluded that there was a fair probability that the suspect had committed or was committing a crime." Id. at 629-30.

Under California law, a peace officer may arrest a suspect for domestic violence without a warrant where the officer (1) "has probable cause to believe that the person to be arrested has committed the assault or battery, whether or not it has in fact been committed" and (2) "makes the arrest as soon as probable cause arises to believe that the person to be arrested has committed the assault or battery, whether or not it has in fact been committed." CAL. PENAL CODE § 836(d)(1)-(2). Although California law does not prohibit dual arrests for domestic violence, it discourages them, when appropriate, by requiring peace officers to "make reasonable efforts to identify the dominant aggressor in any incident. The dominant aggressor is the person determined to be the most significant, rather than the first, aggressor." CAL. PENAL. CODE § 13701(b). "In identifying the dominant aggressor, an officer shall consider the intent of the law to protect victims of domestic violence from continuing abuse, the threats creating fear of physical injury, the history of domestic violence between the persons involved, and whether either person acted in self-defense." Id.

Gawf says that defendants should have known by the extent of his injuries alone that Morikawa's statements could not be true. Generally, officers may not rely solely on the claim of a citizen witness that she was the victim of a crime, but must independently investigate the basis of the witness' knowledge or interview other witnesses. Peng v. Mei Chin Penghu, 335 F.3d 970, 978 (9th Cir. 2003). Nevertheless, "[a] sufficient basis of knowledge is established if the victim provides facts sufficiently detailed to cause a reasonable person to believe a crime had been committed and the named suspect was the perpetrator." Id. (citations and quotations

7

1   omitted). Moreover, "a factual dispute regarding a victim's complaint at the scene of an alleged
2   domestic disturbance does not defeat probable cause if: 1) the victim's statements are
3   sufficiently definite to establish that a crime has been committed; and 2) the victim's complaint
4   is corroborated by either the surrounding circumstances or other witnesses." Id. at 979.

5   According to plaintiff's own allegations, he and Morikawa had a physical altercation in
6   the car. Morikawa told officers that plaintiff was her boyfriend; that they had both been
7   drinking; that they got into an argument and "hit each other" when plaintiff thought that she
8   stole his wallet; that Gawf kicked the back of her seat as she tried to calm him down; that Gawf
9   "attacked [her]," and she then "hit him," at which point Gawf exited the car. (FAC, Ex. 1).
10  When asked to give his side of the story, Gawf declined and instead invoked his Fifth
11  Amendment right against self-incrimination. As currently pled, the FAC does not plead
12  sufficient facts giving rise to a plausible claim that defendants acted unreasonably in arresting
13  plaintiff. Moreover, the fact that the charges against Gawf subsequently were dismissed does
14  not, in itself, support a claim for unlawful arrest. See Baker v. McCollan, 443 U.S. 137, 145, 99
15  S. Ct. 2689, 2695, 61 L.Ed.2d 433 (1979) ("The Constitution does not guarantee that only the
16  guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant
17  acquitted—indeed, for every suspect released.").

18  Relatedly, plaintiff alleges that his due process rights were violated because he was
19  detained overnight "without any investigation, Judicial Order of Arrest, Order of Incarceration,
20  or due process." (FAC ¶ 24). Individuals arrested without a warrant are entitled to prompt
21  judicial determinations of probable cause. Gerstein v. Pugh, 420 U.S. 103, 125 (1975).
22  Generally, a jurisdiction that provides a judicial determination of probable cause within 48
23  hours of arrest will comply with Gerstein's promptness requirement. County of Riverside v.
24  McLaughlin, 500 U.S. 44, 56, 111 S. Ct. 1661, 114 L.Ed.2d 49 (1991). Here, the FAC alleges
25  that plaintiff was detained for 12 hours overnight following his arrest and was released when his
26  father posted bail. (FAC ¶ 14). There are no facts alleged suggesting that Gawf's detention
27  was unreasonably prolonged or delayed.

28

Plaintiff will be given leave to amend his pleading to state additional facts, if any, that might support a Fourth Amendment claim for wrongful arrest/detention. This claim is dismissed with leave to amend.

b.  Fifth Amendment (Due Process)

Gawf alleges that defendants violated his Fifth Amendment right to due process. The Fifth Amendment's due process clause, however, only applies to the federal government. Bingue v. Prunchak, 512 F.2d 1169, 1174 (9th Cir. 2008); Castillo v. McFadden, 399 F.3d 993, 1002 n. 5 (9th Cir. 2005). Gawf does not assert any claims against any federal defendants. Nor does it appear that he could. His Fifth Amendment claim is dismissed without leave to amend.

c.  Eighth Amendment

The FAC alleges that Gawf's Eighth Amendment rights were violated "when defendant sheriffs threw plaintiff in jail for invoking his rights." (FAC ¶ 23(c)). The Eighth Amendment's prohibition of "cruel and unusual punishment" applies only after conviction and sentence. Graham v. Conor, 490 U.S. 386, 393 & n.6, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Because pretrial detainees are not convicted prisoners, they are not accorded any rights under the Eighth Amendment. Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir.1996). Rather, their rights arise under the Due Process Clause of the Fourteenth Amendment. Id. Gawf's claim for alleged violation of the Eighth Amendment is not a legally cognizable one, and it is dismissed without leave to amend. Plaintiff will, however, be given leave to amend to state a claim under the Fourteenth Amendment's Due Process Clause, if he believes he truthfully can allege facts establishing a claim for relief.

d.  Ninth Amendment

The FAC alleges that Gawf's Ninth Amendment rights "were violated when defendant sheriffs denied plaintiff other rights enumerated in the California Constitution." (FAC ¶ 23(d)). The Ninth Amendment provides: "The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people." U.S. CONST. AMEND. IX. The Ninth Amendment, however, "has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation." Schowengerdt v.

9

1  United States, 944 F.2d 483, 490 (9th Cir. 1991).  See also Johnson v. Bay Area Rapid Transit,
2  790 F. Supp.2d 1034, 1068 (N.D. Cal. 2011) (same).  Plaintiff's Ninth Amendment claim is
3  dismissed without leave to amend.

### e. Thirteenth Amendment

The FAC alleges that Gawf's arrest and 12-hour incarceration violated his Thirteenth Amendment rights.  The Thirteenth Amendment prohibits slavery and involuntary servitude, except as a punishment for crime.  U.S. CONST. AMEND. XIII.  "[T]he term 'involuntary servitude' was intended to cover those forms of compulsory labor akin to African slavery which, in practical operation, would tend to produce like undesirable results."  Butler v. Perry, 240 U.S. 328, 332, 36 S. Ct. 258 (1916).  Mere detention without the imposition of labor is not "involuntary servitude."  Plaintiff has pled no facts establishing that he was subjected to involuntary servitude in violation of the Thirteenth Amendment.  This claim is dismissed without leave to amend.

### f. Fourteenth Amendment (Equal Protection)

Gawf alleges that he was denied equal protection under the Fourteenth Amendment based on his gender.  "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class."  Serrano v. Francis, 345 F.3d 1071, 1082 (9thCir. 2003).  In essence, Gawf says that defendants discriminated against him because "statements were taken from an intoxicated woman as evidence, while the defendants' sheriffs [sic] reports state that they were unwilling to take the testimony of plaintiff an intoxicated male." (FAC ¶ 40).  As discussed above, however, the FAC itself alleges that defendants did ask Gawf what happened, but he refused to respond and instead chose to assert his Fifth Amendment right against self-incrimination.  (FAC ¶ 13).  Plaintiff's Fourteenth Amendment equal protection claim is dismissed without leave to amend.

      g.    <u>Claim 3: Civil Rights Violations (42 U.S.C.§ 1983) and Claim 4: Conspiracy to Violate Civil Rights (42 U.S.C. § 1985)</u>

Because the court finds that the FAC fails to plead sufficient facts establishing any constitutional violation, plaintiff's civil rights and conspiracy claims also fail. In any event, the FAC's conclusory allegations do not suffice to state a claim for relief. But inasmuch as plaintiff is being given an opportunity to amend some of his federal claims, these claims are dismissed with leave to amend.

    3.    <u>State Law Claims</u>

Having dismissed plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(c). Those claims are dismissed without prejudice.

## ORDER

Based on the foregoing, plaintiff's motion for sanctions is denied. Defendants' motion to dismiss is granted as to plaintiff's federal claims with leave to amend only as to some claims. Plaintiff's state law claims are dismissed without prejudice.[3] Leave to amend is limited to those claims pled in the FAC and consistent with the rulings above. Plaintiff's amended pleading shall be filed no later than **April 26, 2013**.

SO ORDERED.

Dated: March 31, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] In light of the above, the court does not reach defendants' argument that they are entitled to qualified immunity or their alternative motion for a more definite statement under Fed. R. Civ. P. 12(e).

11

1  5:12-cv-00220-HRL Notice has been electronically mailed to:

2  Michael C. Serverian    mserverian@rllss.com

3

4  5:12-cv-00220-HRL Notice sent by U.S. Mail to:

5  David Gawf
   307 Bishop Avenue
6  Pacific Grove, CA 93950-9998

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California